IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA LAWYER'S FUND FOR
CLIENT SECURITY,

          Plaintiff(s),

v.

GEORGE BAILLIE,

          Defendant(s).

07cv1050
**ELECTRONICALLY FILED**

### Memorandum Order

Pending before this Court is an appeal filed by plaintiff, the Pennsylvania Lawyers' Fund for Client Security (PLFCS), from the Bankruptcy Court's decision in an adversary proceeding holding dischargeable the debt of Appellee, George Baillie (Baillie), allegedly owed to PLFCS.[1] PLFCS, acting as subrogee of a William Bogar (Bogar), a former client of Baillie, seeks reversal of the Bankruptcy Court's decision regarding a $500 retainer fee allegedly owed to PLFCS on behalf of Bogar. Plaintiff alleges, *inter alia*, that the Bankruptcy Court erred both factually and as a matter of law in finding that the $500 debt owed to it as the subrogee of Baillie's former client, Bogar was excepted from discharge under § 523(a)(4) of the Bankruptcy Code.[2] 11 U.S.C. § 523(a)(4).

The District Court acts as an appellate tribunal and is governed by traditional standards of appellate review when reviewing a decision of the Bankruptcy Court. Accordingly, the Court

---

[1] The Court notes that Appellee did not file a brief in this appeal.

[2] The Bankruptcy Court wrote a 24 page opinion concluding that three of the four outstanding debts pursued by Appellant, totaling approximately $86,300, were not dischargeable. The remaining $500 debt is thus the only subject of this appeal.

reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir.1992); Fed.R.Bankr.P. 8013.  Further, the Bankruptcy Court's conclusions of law are reviewed *de novo. Id.*; *In re Trans World Airlines*, 182 B.R. 102, 105 (D.Del.1995).

In its Memorandum Opinion in this matter, the Bankruptcy Court properly stated that in order to find that a debt owed to a creditor is not dischargeable under § 523(a)(4) on account of defalcation, the creditor must prove that: (1) there was a pre-existing relationship between debtor and creditor; (2) debtor acted in violation of that relationship; and (3) the creditor suffered an economic loss as a consequence. *Commonwealth Land Title Company v. Blaszak*, 397 FF.3d 386, 390 (6th Cir. 2005).  (See Doc. No. 1, Attachment No. 11).

The Bankruptcy Court found that little was known about what transpired while Baillie was Bogar's attorney, other than the fact that in 1995 Bogar paid Baillie a retainer fee in the amount of $500 for Baillie to represent Bogar in a dispute with his neighbor.  The Court noted that there was no copy of the retainer agreement produced at trial and the evidence showed that Bogar and his neighbor eventually settled their dispute in 1996, and that despite Bogar asking Baillie to return the retainer fee on numerous occasions over the years, Baillie never did so and eventually told Bogar in 2004 that he did not have the money and that he had filed for bankruptcy.  Bogar then submitted a claim to PCLFS on November 23, 2005, seeking reimbursement of the $500.

In discharging the debt of $500, the Bankruptcy Court found that the second of the above requirements of § 523 (a)(4) was not met because:

> [a]lthough debtor [Baillie] unquestionably owed a fiduciary duty to Bogar as Bogar's attorney, PLFCS has not shown that debtor was acting in a fiduciary capacity with respect to Bogar when he failed (or refused) to return the above

>retainer fee to Bogar. The retainer fee was partial payment for debtor's legal service on behalf of Bogar and was not entrusted to debtor by Bogar, in the manner required by § 523(a)(4). Bogar paid the fee to debtor to secure debtor's services. Debtor's obligation to return the retainer fee was the result of an agreement they had concerning what would be done with the retainer fee if certain conditions were satisfied. By failing (or refusing) to return the retainer fee upon satisfaction of those conditions, debtor breached a contractual obligation he owed to Bogar, not a fiduciary obligation. Debtor's breach of this obligation, in other words, did not rise to the level of a breach of a fiduciary duty he owed to Bogar.

(Doc. No. 1, Attachment 11 at 22)(Emphasis omitted).

This Court has reviewed the Bankruptcy Court's findings of fact and does not find them to be "clearly erroneous," nor does this Court find that the Bankruptcy Court committed an error of law regarding its finding on the discharge of the debt of $500. Accordingly, it is hereby ORDERED that the decision of the Bankruptcy Court is **AFFIRMED**.

SO ORDERED this 3rd day of October, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

George Baillie
619 Cross Creek Road
Avella, PA 15312
PRO SE DEFENDANT